# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District W D Missouri |
|---|---|
| Name (under which you were convicted): Robert Thomas | Docket or Case No.: 4:18-CR-00272-GAF-1 |
| Place of Confinement: FCI Pollock Louisana | Prisoner No.: #33580-045 |

UNITED STATES OF AMERICA  v.  Movant (include name under which convicted): Robert J Thomas JR

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Western District of Missouri (Kansas City)
   Charles Evans Whittaker Courthouse
   400 East 9th Street
   Kansas City Mo. 64106

   (b) Criminal docket or case number (if you know): 4:18-CR-00272-GAF-1

2. (a) Date of the judgment of conviction (if you know): 11/20/2019

   (b) Date of sentencing: 08/27/2020

3. Length of sentence: 20 Years

4. Nature of crime (all counts):

   1. Possession with intent to distribute marijuana and possessing a firearm in futherance (924)c.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court Of Appeals For The 8th Circuit
   (b) Docket or case number (if you know): No. 20-2890 WDMO
   (c) Result: DENIED
   (d) Date of result (if you know): March 16, 2021
   (e) Citation to the case (if you know):
   (f) Grounds raised: That the total sentence 240 Months was unreasonably high and that the district court failed to appropriately credit and weigh the mitigating factors.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:
   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☒
(2) Second petition:   Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
BECAUSE IM filing A 2255 ON MORE grounds.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** _____ See attached sheet _____

  (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  (b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

  (c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐   No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐
    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
 Yes ☐  No ☐
 (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
 Yes ☐  No ☐
 (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing: F.P.D.

    (b) At the arraignment and plea: F.P.D.   Poindexter

    (c) At the trial: ''   ''

    (d) At sentencing: ''   ''

    (e) On appeal: ''   ''

    (f) In any post-conviction proceeding: N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*



N/A

Opinion 3/16/21
Mandate 4/06/21

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

```
vacate convictions and sentences
```

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

(month, date, year)

Executed (signed) on   3-14-22   (date)

*[signature]*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

12. Claims for Relief

Claim 1--My trial counsel was ineffective because he promised me that if I took the plea bargain agreement I would not be sentenced as a career offender and would be looking at no more than six or seven years of imprisonment at sentencing. As a result, my plea was not knowing and voluntary. Had counsel not made these promises to me, I would not have accepted the plea bargain and would have gone to trial or negotiated a different plea bargain.

Claim 2--My trial counsel was also ineffective in inducing me to plead guilty with the threat that if I did not take this plea bargain, I would be looking at a fifteen year mandatory minimum as an armed career criminal for the charge of a felon in possession of a firearm under Count III. It is clear under the law that the time of my plea I did not have the necessary violent prior felonies to qualify as an armed career criminal because my only two non-drug convictions in Missouri were for second degree burglary and involuntary manslaughter. Counsel's incorrect advice made my plea of guilty involuntary. Had I not received this bad advice, I would not have accepted this plea bargain and would have gone to trial or insisted on a different plea bargain agreement.

Claim 3--My trial counsel was ineffective in advising me to plead guilty under Count IV for the offense of possession of a firearm in furtherance of a drug trafficking offense because the government did not have sufficient evidence to prove all of the elements of this offense had I taken the case to trial. The firearm in question was found in a pickup truck that I owned. Although drugs were also found in the truck, I was not present or arrested in the truck when the firearm was found. There was also insufficient evidence to connect the firearm to any drug offense. There was also insufficient evidence to link me to possession of the gun because the DNA evidence set forth in the discovery sets out that my DNA was allegedly found in a five person mixture. Under the law, DNA matches based upon mixtures of more than three individuals are scientifically unreliable and would have not been admissible in court had I gone to trial. If I had received proper advice about the weakness of the state's evidence on this charge, I would have not pleaded guilty under this plea agreement and would have gone to trial or negotiated a different plea bargain agreement.

Claim 4--My sentence is illegal because I was improperly sentenced as a career offender under the wrong subsection of the sentencing guidelines. Had I been sentenced under the correct subsection, my guideline sentence would have been in the range of 97 to 101 months instead of 262 to 327 months.