IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **ROBERT J. THOMAS, JR.,** | |
| Movant, | |
| v. | Civil No. 22-00221-CV-W-GAF-P<br>Crim. No. 18-00272-01-CR-W-GAF |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## GOVERNMENT'S SUGGESTIONS IN OPPOSITION
## TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

The respondent, the United States of America, respectfully requests that this Court deny Robert J. Thomas, Jr.'s 28 U.S.C. § 2255 motion seeking to vacate his conviction and sentence. The Government provides the following suggestions in opposition to the motion:

### I. Summary

Thomas pleaded guilty to two violations of federal law for possessing with intent to distribute cocaine and possessing a firearm in furtherance of a drug trafficking offense. This Court sentenced Thomas to a total of 240 months' imprisonment. Thomas appealed and the Eighth Circuit enforced the appeal waiver and dismissed the appeal. Thomas has now filed a motion under § 2255 seeking to vacate his conviction and sentence, arguing that he received ineffective assistance of counsel.

Thomas has failed to meet his burden to prove both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Thomas contends that his counsel coerced him to plead guilty by promising him a sentence of six to seven years and

threatened that if he did not plead guilty, he would face a statutory minimum sentence of 15 years under Count Three. Thomas also contends that counsel was ineffective because there was insufficient evidence to support Count Four. The claims are contrary to the record, which demonstrates that Thomas admitted that no promises or threats had induced the guilty plea. Thomas's claims are also legally erroneous.

Because the claims fail as a matter of law, this Court should deny Thomas's motion without holding an evidentiary hearing. Because the claims are not debatable among jurists of reason, this Court should deny a certificate of appealability.

## II. Factual and Procedural History

In the early morning hours of December 1, 2017, a light-colored pickup truck with a Missouri license plate was traveling northbound on Broadway Boulevard at the intersection of West 39th Street when it struck a pedestrian.[1] After striking the pedestrian, the vehicle fled the area. Officers conducted a residence check at 2304 Park Avenue, the address associated with the vehicle license plate. At that residence, officers observed a Silver Chevrolet pickup truck that matched the description of the vehicle with a matching license plate number. Officers contacted Thomas, who confirmed he was the owner of the vehicle. Thomas was arrested and the vehicle was towed to the city tow lot. In a custodial interview, Thomas confirmed he was driving the vehicle earlier that evening and had hit a curb but declined to make further statements without an attorney.

---

[1]The factual history is summarized from the stipulated facts in the plea agreement and the undisputed facts in the presentence investigation report (PSR) without further citation.

On December 4, 2017, the vehicle was searched pursuant to a search warrant. In plain view in the driver's door compartment, officers located a handgun, a Smith and Wesson, Model MP40C, .40 caliber pistol, Serial Number HA T3943, with eight live rounds of ammunition in the magazine and one live round in the chamber. Officers also located cocaine, a large quantity of marijuana, and pills, some of which was individually bagged for sale, and a scale.

On February 22, 2018, Thomas was involved in a traffic stop involving his daughter in Grandview, Missouri. During the stop, Thomas refused to follow the officer's orders and left the scene, with his daughter following, stopping at a nearby residence. Once there, Thomas and his daughter were detained. The officer detected the strong odor of marijuana in the vehicle driven by Thomas's daughter. The officer searched the vehicle and recovered cocaine, a large quantity of marijuana, and pills, some of which was individually bagged for sale, and a scale. Thomas was arrested for an outstanding felony warrant.

DNA analysis was conducted of the firearm seized on December 4, 2017, which determined that there were five DNA contributors on the firearm, and Thomas was included as a contributor.

On October 2, 2018, an indictment was returned in the Western District of Missouri charging Thomas with possession with intent to distribute cocaine and marijuana, on December 1, 2017, and February 22, 2018, in Counts One, Two, Five, and Six, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D); felon in possession of a firearm on December 1, 2017, in Count Three, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

and possession of a firearm in furtherance of a drug trafficking crime, in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Crim. D.E. 1.)[2]

On November 20, 2019, Thomas appeared before this Court for a change-of-plea hearing and pleaded guilty, pursuant to a plea agreement, to Counts Two and Four of the indictment. (Crim. D.E. 26, 27, 40.)

The plea agreement contained a factual basis for the guilty plea. (Plea Agrmt. 2-6.) Through the plea agreement, Thomas agreed to the sentencing procedures to be utilized by this Court, including the use of relevant conduct; the statutory range of punishment for the offenses; the calculation of the advisory Sentencing Guidelines; the preparation of the PSR; and the stipulated Sentencing Guidelines provisions. (Plea Agrmt. 6-12.) The parties specifically stipulated that Thomas might qualify as a career offender under the Sentencing Guidelines. (Plea Agrmt. 10.) Through the plea agreement, Thomas waived his constitutional rights regarding a jury trial and also waived his right to appeal or collaterally attack his sentence except in limited circumstances. (Plea Agrmt. 13-14.) Thomas stated that his guilty plea was voluntary; that he was satisfied with the assistance of counsel he had received; and that no threats or promises had been made, outside of those in the plea agreement, to induce a guilty plea. (Plea Agrmt. 16-17.) Thomas executed the plea agreement on August 26, 2019. (Plea Agrmt. 17-18.)

---

[2]"Crim. D.E." refers to the docket entry number in the criminal case, *United States v. Thomas*, No. 18-00272-01-CR-W-GAF. "Civ. D.E." refers to the docket entry number in the instant § 2255 case, *Thomas v. United States*, No. 22-00221-CV-W-GAF-P.

During the hearing, Thomas established that he was mentally and physically competent to plead guilty. (Plea Tr. 2-3.) Thomas confirmed that he was fully and totally satisfied with the legal representation he had received; that defense counsel had done everything requested; and that he had no questions, concerns, or complaints regarding defense counsel. (Plea Tr. 3.) Thomas also confirmed that he had read the plea agreement; discussed the plea agreement with counsel; and understood the terms of the agreement. (Plea Tr. 4.) Thomas stated that no promises, outside of those contained in the plea agreement, and no threats had been made to induce the guilty plea. (Plea Tr. 4-5.) Thomas acknowledged the statutory range of punishment for the offenses and the sentencing procedures to be utilized by this Court. (Plea Tr. 5-9.) Thomas waived his right to a jury trial. (Plea Tr. 9-11.) Thomas stipulated that the facts contained in the plea agreement were true and accurate. (Plea Tr. 11.) This Court accepted Thomas's guilty pleas. (Plea Tr. 12.)

On March 12, 2020, a revised PSR was issued. (Crim. D.E. 30.) The PSR contained a recitation of the offense conduct. (PSR ¶¶ 3-9.) The PSR determined that Thomas was a career offender. (PSR ¶ 21.) The PSR calculated a criminal history score of 18, resulting in a criminal history category of VI. (PSR ¶¶ 24-40.) This resulted in a statutory range of punishment of up to five years on Count Two; a statutory range of punishment of five years to life on Count Four; and an advisory Sentencing Guidelines range of 262 to 327 months. (PSR ¶¶ 71-73.) No objections were filed. (PSR Adden. Mar. 12, 2020.)

Defense counsel filed a sentencing memorandum, discussing the statutory sentencing factors under 18 U.S.C. § 3553(a) and urging this Court to impose a downward variance. (Crim. D.E. 33.)

On August 27, 2020, Thomas appeared before this Court for his sentencing hearing. (Crim. D.E. 34, 41.) Counsel confirmed that he had reviewed the PSR with Thomas and had no objections. (Sent. Tr. 2.) Counsel argued that Thomas's prior drug convictions, and the drugs possessed in this case, were relatively minimal in comparison to typical drug trafficking cases in the district. (Sent. Tr. 2-3.) Counsel noted that absent the career offender designation, Thomas's Sentencing Guidelines range would be 33 to 41 months on Count Two. (Sent. Tr. 4.) Counsel argued that the final sentence was within the discretion of this Court, that the 60-month sentence on Count Four was significant, and that this Court should vary downward. (Sent Tr. 2-6.) Counsel also pointed to Thomas's substance abuse issues, which led to trafficking drugs, and discussed Thomas's family history and expected family support. (Sent. Tr. 6-7.) Counsel requested a sentence of five years on Count Two and five years on Count Four, to be served concurrent. (Sent. Tr. 7.)

Thomas personally addressed this Court and apologized to this Court and his family for his actions. (Sent. Tr. 7-9.)

The Government requested a sentence at the low end of the Sentencing Guidelines range. (Sent. Tr. 9-11.) The Government noted Thomas's extensive criminal history, including his prior manslaughter conviction, and the fact that Thomas struck a pedestrian and fled from the scene on the night of the offense. (Sent. Tr. 9-11.) The Government also noted that Thomas would have faced a 15-year sentence on Count Three under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Sent. Tr. 11.)

This Court analyzed the § 3553(a) factors and imposed a sentence of 60 months on Count Two and 180 months on Count Four, to be served consecutively, a downward

-6-
Case 4:22-cv-00221-GAF    Document 4    Filed 04/26/22    Page 6 of 20

variance from the advisory Sentencing Guidelines, but not the extent of variance requested by Thomas. (Sent. Tr. 11-13; Crim. D.E. 35.)

Thomas appealed, challenging the reasonableness of the sentence, and counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). The Eighth Circuit determined that Thomas's guilty plea was knowingly and voluntarily entered, that the claim was contrary to the appeal waiver, found no non-frivolous issues for appeal outside the scope of the waiver, and dismissed the appeal. *United States v. Thomas*, 840 Fed.Appx. 60, 61 (8th Cir. 2021).

Thomas is currently incarcerated at the federal correctional institution in Pollock, Louisiana, with a projected release date of November 6, 2035.

### III. Argument and Authorities

Thomas has now filed a motion alleging three ineffective assistance of counsel claims and one claim of substantive error.[3]

#### A. Legal Standard

"In a §§ 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

---

[3]The Government does not dispute that the motion, though without merit under the law, is timely under 28 U.S.C. § 2255(f)(1).

Claims alleging ineffective assistance of counsel are governed by the standard set forth in *Strickland*: "To obtain relief on a claim of ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citing Strickland, 466 U.S. at 687.)

As to the "deficiency" prong, a defendant must show that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (quoting *Long v. United States*, 875 F.3d 411, 413 (8th Cir. 2017)) (internal quotation marks omitted). "[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Counsel's "strategic decisions made after a thorough investigation of law and facts . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Whether a court agrees with a defense counsel's strategy or analysis in hindsight is not the test to be followed. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (citing *Wing v. Sargent*, 940 F.2d 1189, 1191-92 (8th Cir. 1991)).

As to the "prejudice" prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) (internal quotation marks omitted). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting

Strickland, 466 U.S. at 694). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, *id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffectiveness regarding the entry of the plea, a movant must show that "there is a reasonable probability that, but for counsel's errors, [the movant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59; *see also United States v. Sisk*, 999 F.3d 631, 635 (8th Cir. 2021).

"Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. —, 137 S.Ct. 1958, 1968 (2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### B. *Thomas's Claims Are Without Merit*

#### 1. *Thomas's Sentence Was Knowingly and Voluntarily Entered*

In the first and second ground, Thomas contends that defense counsel improperly advised him regarding the sentence he would receive, which renders his guilty plea invalid. In the first ground, Thomas contends that his counsel promised him a sentence of six or seven years. In the second ground, Thomas contends that his counsel threatened that he would receive the armed career criminal enhancement if he was convicted on Count Three, resulting in a mandatory sentence of 15 years on that count. Thomas suggests that advice

-9-
Case 4:22-cv-00221-GAF   Document 4   Filed 04/26/22   Page 9 of 20

was erroneous. Thomas asserts that but for that advice, he would not have pleaded guilty and would have insisted on a trial. (Civ. D.E. 1 at 13.)

The claim that counsel promised a specific sentence of six or seven years is contrary to the record of the proceeding.

In the plea agreement, Thomas agreed that this Court could impose any sentence authorized by the law. (Plea Agrmt. 8.) Thomas further stated that his guilty plea was voluntary; that he was satisfied with the assistance of counsel he had received; and that no threats or promises had been made, outside of those in the plea agreement, to induce a guilty plea. (Plea Agrmt. 16-17.) During the change-of-plea hearing, Thomas again stated that no promises, outside of those contained in the plea agreement, and no threats had been made to induce the guilty plea. (Plea Tr. 4-5.) Thomas further agreed that he would not be able to withdraw his guilty plea later due to the length of the sentence imposed by this Court. (Plea Tr. 8.) Thomas agreed with the statutory range of punishment and this Court's sentencing procedures. (Plea Tr. 4-7.)

Thomas's sworn statements contradict his current claim that counsel promised a specific sentence range. These sworn statements "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990) (representations made during the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings").

-10-
Case 4:22-cv-00221-GAF   Document 4   Filed 04/26/22   Page 10 of 20

"The rule that a plea must be intelligently made to be valid does not [mean] that a plea [is] vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *United States v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970) (rejecting defendant's claim that his plea was unknowing and involuntary because he did not know he would be sentenced as a career offender)); *see also United States v. Bond*, 135 F.3d 1247, 1248 (8th Cir. 1998) (affirming conviction stating a "defense counsel's erroneous estimate of a guidelines sentence does not render an otherwise voluntary plea involuntary"). The Eighth Circuit precedent is clear:

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

*United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (internal citation omitted); *see also United States v. Ludwig*, 972 F.2d 948, 949-51 (8th Cir. 1992) (holding that a failure to advise defendant that the career offender provisions might apply did not provide a basis for plea withdrawal even though counsel calculated the likely guidelines range as 130 to 162 months and the actual career offender range was 210 to 262 months).

However, based on the record, it appears that Thomas was properly advised of every relevant factor prior to the plea. Thomas's sentence was driven largely by his career offender designation. The plea agreement advised Thomas of the possibility that he would receive the career offender enhancement. (Plea Agrmt. 10.) The plea agreement advised

Thomas of the statutory range of punishment and that this Court could impose any sentence within that range. (Plea Agrmt. 7-8.) During the change-of-plea hearing, Thomas was advised again of the statutory range of punishment. (Plea Tr. 5-6.) Thomas further agreed that this Court could impose any sentence within that range after calculating the advisory Sentencing Guidelines.

> Q. Mr. Thomas, do you understand that if you enter a plea of guilty, that the probation office will prepare a presentence report; and when that report is completed, the Court will schedule a sentencing hearing at which hearing the Court will determine a reasonable and appropriate sentence?
>
> A Yes, sir.
>
> Q Do you understand that there are a number of statutory factors that the Court will consider in determining an appropriate sentence, and that one of those factors will be the recommended range of punishment under the United States Sentencing Guidelines?
>
> A Yes, sir.
>
> Q Do you understand the sentencing guidelines are not mandatory; therefore, the Court might determine an appropriate sentence to be one within the recommended guideline range, less than, or even greater than what is recommended by the sentencing guidelines?
>
> A Yes, sir.

(Plea Tr. 6-7.)

Thomas's complaint that he was improperly advised regarding the potential sentence on Count Three is legally erroneous. Thomas argues that he did not have any qualifying ACCA predicates and that his burglary and involuntary manslaughter convictions were not "violent felony" convictions. Thomas asserts that counsel rendered "bad advice," which he now characterizes as a threat, when advising him he would receive

an ACCA sentence. (Civ. D.E. 1 at 13.) Thomas had three qualifying state "serious drug offense" convictions, which meet the definition of 18 U.S.C. § 924(e)(2)(A)(ii), and therefore counsel's legal analysis was correct. (PSR ¶¶ 31, 33-34.) Thomas was an armed career criminal and was facing a mandatory sentence of 15 years on Count Three and a consecutive sentence of five years on Count Four. Thomas's own sworn statements contradict the claim that his attorney threatened him, and the assertion that an attorney's estimate and resulting advice regarding the likely sentence—a task commonly expected of counsel—constitutes a "threat" is patently incredible.

It's clear from the record that defense counsel's strategy was to eliminate the mandatory 20-year sentence (convictions on Counts Two and Four would have carried a combined mandatory minimum sentence of 20 years' imprisonment) and argue for a variance based on § 3553(a) factors. That strategy succeeded in part. Pursuant to the plea agreement, Thomas's pleas of guilty only carried a mandatory sentence of five years' imprisonment under Count Four. In other words, Thomas did not face the mandatory minimum sentence had he been convicted of Counts Two and Four at a trial. Moreover, this Court varied downward from the advisory Sentencing Guidelines, even though it did not vary downward to the extent requested by defense counsel. This Court found a more modest downward variance was appropriate after weighing the statutory sentencing factors.

The fact that the strategy ultimately did not result in a greater variance and a lesser sentence does not render the strategy ineffective. As the Supreme Court has noted, the Sixth Amendment does not require for its satisfaction that the actions of counsel result in

a favorable outcome. *Taylor v. United States*, 282 F.2d 16, 20 (8th Cir. 1960); *Morreno-Espada v. United States*, 666 F.3d 60, 64-65 (1st Cir. 2012) ("the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense"). Further, had Thomas proceeded to trial, his Sentencing Guidelines range would have increased, not decreased, and his statutory range would have increased, not decreased, and this Court would likely have imposed an even greater sentence, not a lesser sentence.

Thomas's current assertions lack any evidentiary support and are contrary to his own sworn statements in the record. Thomas's claim that counsel rendered incorrect advice regarding the ACCA sentence is legally incorrect. The claims in Grounds One and Two are without merit and should be denied by this Court.

### 2. *Counsel's Advice Regarding Count Four Was Not Error*

In the third ground, Thomas contends that counsel improperly advised him to plead guilty to Count Four. Thomas asserts that he could not have been convicted of Count Four at trial and the evidence would have been insufficient. Thomas admits that he owned the vehicle where the drugs and firearm were recovered. But Thomas contends he would have been acquitted because he was not in the vehicle when it was seized by the police officers. Thomas also contends that there was insufficient evidence linking the firearm to the drug offenses. (Civ. D.E. 1 at 13.)

To satisfy the "in furtherance of" element, "the government must present evidence from which a reasonable [trier of fact] could find a 'nexus' between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of 'furthering, advancing or helping forward' the drug crime." *United States v.*

*Robinson*, 617 F.3d 984, 988 (8th Cir. 2010) (alteration in original) (quoting *United States v. Sanchez–Garcia*, 461 F.3d 939, 946 (8th Cir. 2006)). A nexus between the firearm and the crime may be inferred when the firearm "is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *United States v. Fetters*, 698 F.3d 653, 658 (8th Cir. 2012) (quoting *United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008)); *see also United States v. Coleman*, 909 F.3d 925, 930, 932 (8th Cir. 2018) (firearm found in vehicle in close proximity to drugs was sufficient evidence of possession of the firearm under § 924(c)).

At the time of his arrest, Thomas admitted that he owned the pickup truck in question. (PSR ¶ 3.) Thomas admitted that he operated the pickup truck earlier that night. (PSR ¶ 4.) The firearm was located on the driver's side door compartment of the vehicle. (PSR ¶ 5.) A large quantity of drugs packaged for distribution was located in the vehicle. (PSR ¶ 5.) No other individual was in the pickup truck or in the vicinity when officers impounded the vehicle. Moreover, despite Thomas's baseless assertions to the contrary, there was reliable DNA evidence linking Thomas to his possession of the Smith & Wesson handgun that was identified in Count Three. Specifically, Thomas's DNA was included as one of five contributors in the genetic material found on a swab that a law enforcement officer applied to the Smith & Wesson handgun. These facts demonstrate more than sufficient evidence to prove that Thomas, as the owner and operator of the vehicle, possessed the firearm in furtherance of the drugs crimes charged in Counts One and Two.

Thomas's claim that he could not be convicted of that count is legally erroneous and without merit and this claim should be denied by this Court.

### 3. *Claim of Illegal Sentence Not Cognizable Under § 2255*

In the fourth ground, Thomas contends that he was improperly sentenced as a career offender under the Sentencing Guidelines. Thomas contends that he should have been sentenced to a Sentencing Guidelines range of 97 to 101 months. (Civ. D.E. 1 at 13.) Thomas does not provide any legal authority or reasoning demonstrating that the career offender was improperly applied. He simply asserts, in *ipse dixit* fashion, that he was subject to a lesser Guidelines range.

Thomas waived the right to challenge his sentence and the Sentencing Guidelines calculations through his plea agreement. Through the plea agreement, Thomas waived "his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." (Plea Agrmt 14.) The plea further defined an "illegal sentence" as one that "includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence."

The courts have recognized that these waivers of post-conviction rights are valid, just like a right to appeal, considering those rights synonymous. *United States v. Andis*, 333 F.3d 886, 887 n.2 (8th Cir. 2003) (en banc) (citing *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) ("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea

agreement context.")). The Supreme Court has stated that "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). *Andis* also recognizes that exceptions to the enforceability of such waivers are narrow, reserved for instances of an "illegal sentence," *i.e.*, a sentence in excess of the statutory maximum, or where the enforcement of such a waiver would result in "manifest injustice," *Andis*, *id.* at 891-92.

The Eighth Circuit determined that Thomas's guilty plea was knowingly and voluntarily entered, and that the waiver was valid and enforceable, dismissing the appeal. *Thomas*, 840 Fed.Appx. at 61. Indeed, Thomas attempted to raise fundamentally the same claim on appeal, that the sentence was substantively unreasonable, and the Eighth Circuit declined to hear it and enforced the appeal waiver. This Court should do the same.

Even if Thomas had not waived this claim, the claim of a Sentencing Guidelines error or an excessive sentence, provided the sentence is within the statutory range of punishment, is not cognizable under § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) ("ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.") (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (other citations omitted)). Under *Sun Bear*, only unlawful or illegal sentences – sentences imposed without or in excess of statutory authority—may be challenged in a § 2255 motion. *Sun Bear*, 644 F.3d at 705; *see also Houser v. United States*, 508 F.2d 509, 516 (1974) ("The assertion

that a severer sentence than expected was received after a guilty plea presents no claim for relief, nor does a claim of an excessive sentence when the sentence imposed is within the statutory maximum.") (internal citations omitted).

C. *An Evidentiary Hearing Is Not Required To Resolve the Claims, and this Court Should Deny A Certificate of Appealability*

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (a § 2255 motion can be dismissed without a hearing if (1) a movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact) (internal citation omitted). As the preceding discussion makes clear, Thomas's allegations are contrary to the record, conclusory, inherently incredible and insufficient under the law. This Court should deny the claims without holding an evidentiary hearing.

A movant can appeal the denial of a § 2255 motion to the court of appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). To receive a certificate of appealability, a movant must demonstrate a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or

deserving of further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Each of Thomas's claims fails as a matter of law, and the merits of those claims are not debatable among reasonable jurists or deserving of further consideration. The Government respectfully urges this Court to also deny a certificate of appealability.

## IV. Conclusion

Accordingly, for all of the reasons previously outlined, the Government respectfully requests that this Court deny Thomas's § 2255 motion.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By   /s/William A. Alford III

William A. Alford III
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 26, 2022, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

> Robert J. Thomas, Jr., *Pro Se*
> Reg. No. 33580-045
> FCI Pollock
> P.O. Box 4050
> Pollock, Louisiana 71467

/s/William A. Alford III
William A. Alford III
Assistant United States Attorney